IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LEXINGTON INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 09-0223-KD-N |
| | ) | |
| WENDY JONES and GREGORY JONES, | ) | |
| | ) | |
| Defendants. | ) | |

REPORT AND RECOMMENDATION

This matter is before the court on the following:  defendants Wendy and Gregory Jones's

Motion to Dismiss for Lack of Jurisdiction (doc. 7); defendant's Brief in Support of the Motion

(doc. 10); and plaintiff's response in opposition (doc. 11 ).  This matter has been referred to the

undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B).  Upon consideration, it is the recommendation of the undersigned that defendants'

Motion to Dismiss be GRANTED.

Factual Background

Plaintiff Lexington Insurance Co. ("Lexington" or "plaintiff") filed the instant

declaratory judgment action in this court seeking a determination of its duties to its insureds

arising from a claim for covered property damage resulting from Hurricane Ivan, which struck

the Gulf Coast in September of 2004.[1]  The Complaint (doc. 1) alleges, in pertinent part, as

follows:

- Based upon a review by an insurance adjuster for the company, Lexington paid

---

[1]  Lexington filed this action in response to defendants' request for an appraisal of a loss
suffered as a result of Hurricane Ivan.  The claim was paid approximately two years prior to the
appraisal request.

the defendants $122,080.76 under Coverage A (the coverage related to the repair of their home)[2]; $295.36 under Coverage B; $66,167.37 under Coverage C; and $10,000 under Coverage D.  The last payments were tendered on December 28, 2006.

- On September 16, 2008, the attorney for the Joneses wrote to plaintiff demanding appraisal and attaching an estimate they had obtained for the total costs of repairs in the amount of $142,783.71.

In support of their motion to dismiss, defendants have submitted affidavits (doc. 7, Exhibits A & B) stating that their appraisal of approximately $143,000 for the total repair cost represented a claim for less than $67,000 in additional payments by Lexington after credit for the amount already paid under the applicable coverage provision.

Analysis

Plaintiff's complaint asserts that the court has jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. §1332.[3]  There is no issue concerning the citizenship of the

_____

[2]  It is not clear whether defendants challenge plaintiff's calculation of the amount paid under Coverage A.  Using plaintiff's figure of $122,080.76 and defendant's approximation of $143,000 as the estimate of the total amount needed to repair the damage to defendants' house from Hurricane Ivan, it would appear that only $21,000 of additional payments would be necessary rather than the $67,000 stated by defendants in their Response.  Nonetheless, however the defendant's have calculated the additional claim they make, and regardless of which estimate is correct, it is clear that defendants' additional claim for benefits is *no greater* than the $67,000 estimate provided by defendants.

[3]  The complaint also cites to the Declaratory Judgment Act,  28 U.S.C. § 2201 and Fed. R. Civ. P. 57 (declaratory judgment).  However, the Declaratory Judgment Act does not confer federal jurisdiction and therefore a lawsuit brought under the Act "must state some independent source of jurisdiction, such as the existence of diversity or the presentation of a federal question." Borden v. Katzman, 881 F.2d 1035, 1037 (11th Cir. 2007).

parties.  Rather, the defendants challenge the plaintiff's assertion that the jurisdictional amount in controversy is satisfied.

<u>Applicable Law</u>

"Federal courts are courts of limited jurisdiction. In order to invoke a federal court's diversity jurisdiction, a plaintiff must claim, among other things, that the amount in controversy exceeds $75,000."  <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC</u>, 329 F.3d 805, 807 (11th Cir.2003) (quotation and citation omitted).  The party asserting federal jurisdiction has the burden of establishing it.  <u>DaimlerChrysler Corp. v. Cuno</u>, 547 U.S. 332, 342, n.3 (2006).  The presumption is that "federal courts lack jurisdiction unless the contrary appears affirmatively from the record." <u>Id</u>. (quoting <u>Renne v. Geary</u>, 501 U.S. 312, 316 (1991)).  Section 1332, Title 12 U.S.Code, requires, *inter alia*, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

In determining whether Lexington meets its burden with regard to subject matter jurisdiction, the court looks to the face of the complaint to determine if the amount in controversy exceeds the jurisdictional requirement. <u>See Williams v. Best Buy Co.</u>, 269 F.3d 1316, 1319 (11th Cir.2001) (stating the rule with regard to removal cases); <u>Federated Mut. Ins. Co.</u>, 329 F.3d at 807 n. 1 (noting that rules governing amount in controversy requirement for removal cases are also applicable to declaratory judgment actions).  If examination of the complaint does not make it facially apparent that the amount in controversy is satisfied, the court may look to other evidence relevant to the amount in controversy at the time the petition was filed. <u>Williams, </u>269 F.3d at 1319-20 (conclusory allegations that the jurisdictional amount is satisfied are not sufficient to satisfy the party's burden).

3

In determining the amount in controversy in the insurance context, numerous courts have held that "it is the value of the claim, not the value of the underlying policy, that determines the amount in controversy." Kelly v. General Star National Indemnity Co., 2007 WL 3034654, * 2 (M.D.Fla. Oct.16, 2007); see also Hartford Ins. Co. v. Lou-Con, Inc., 293 F.3d 908, 911 (5th Cir.2002) (stating that in declaratory judgment cases, the jurisdictional amount is measured by the value of the underlying claim and not the face amount of the policy); Employers Mutual Casualty Co. v. Parking Towing Co., Inc., No. 07-0684-WS-B, 2007 WL 4577705, * 2 (S.D.Ala. Dec.27, 2007) ("a high policy limit does not establish a large amount in controversy for the simple reason that the underlying plaintiff's claim may be for far less than the policy limit"); Warth v. State Farm Fire & Casualty Co., 792 F.Supp. 101, 103 (M.D.Fla.1992) ("[d]ue to the fact that [the] [p]laintiffs in this case have not plead or represented to this Court the damages they seek, the face amount of the [insurance] policy does not control on the issue of the threshold jurisdictional amount").  Circuit law is clear that "[t]he value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted."  Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002); see Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268, n.9 ("the value of an injunction for amount in controversy purposes must be measured by what the plaintiff stands to gain")

Discussion

Lexington's complaint does not seek a specific amount of damages.  Rather, the complaint only alleges that the amount in controversy exceeds the jurisdictional amount.  As such, Lexington has the burden of proving by a preponderance of the evidence that the amount in

4

controversy exceeds that threshold.

Lexington asserts that the jurisdictional amount is satisfied in this case on the grounds that a ruling for the defendants in this declaratory judgment action could potentially lead to "a reevaluation of the entire loss in order to determine the 'amount of loss.' " (doc. 11 at 2) Therefore, they argue, the remaining $75,919.24 of coverage under Coverage A before the coverage limit of $198,000 is reached should be deemed to be its potential liability under the policy.[4]   In support of its position, Lexington has submitted the affidavit of William B. Jeffries, a Claims Examiner working with Lexington's property division, detailing the amounts paid to date under this policy for damages due to Hurricane Ivan along with policy limits on each of the types of coverage.  (Doc. 11, Exhibit A)

Upon consideration of the complaint and the briefs of the parties on defendants' motion to dismiss, the undersigned finds that plaintiff has failed to demonstrate that the amount in controversy in this case is in excess of $75,000.  See Keck v. Fidelity & Cas. Co. of New York 359 F.2d 840, 841 (7th Cir. 1966) ("Future benefits payable under a contract of insurance may be used to compute the sum in controversy for jurisdictional purposes only when the validity of the insurance policy itself, and not merely the presence or absence of conditions measuring the insurer's liability thereunder, is the matter in dispute.") Accordingly, the court lacks subject

---

[4]  In addition, Lexington notes that it would be required to pay an appraiser of its own, as well as one-half of an umpire's fee if the appraisers could not reach an agreement.  It is questionable whether Lexington's out of pocket fees are properly counted as part of the amount in controversy, see Leonard, 279 F.3d at 973, or whether the amount of one-half of the umpire's fee should be ignored as costs under 28 U.S.C. §1332(a) or even deducted from defendant's potential recovery.  The court need not reach those issues, as Lexington has failed to provide any measure or estimate of these additional expenses.  Further, in light of the court's holding, it does not appear from the pleadings that these unspecified costs could be expected to be sufficient, if added to the approximately $67,000 claimed by plaintiffs, to exceed the jurisdictional limit.

matter jurisdiction over this declaratory judgment action and defendants' motion is due to be granted.

Conclusion

Based on the foregoing, the undersigned does not find that the amount in controversy satisfies the requirements for diversity jurisdiction set forth in 28 U.S.C. §1332(a).  Thus, the Court  lacks subject matter jurisdiction over this action.  Accordingly, it is the recommendation of the undersigned that the defendants' Motions to Dismiss for Lack of Jurisdiction be GRANTED.

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** this the 2nd day of July 2009.

 /s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.